**Piekarsky & Associates, LLC**
191 Godwin Avenue
Wyckoff, New Jersey 07481
Telephone: 201-560-5000
Mark R. Faro, Esq. (016742009)
*Counsel for Creditor Angel Santiago*

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>STRIKE FORCE PROTECTIVE SERVICES, INC.<br>Debtor. | Chapter 11<br><br>Case No.  18-10156<br>Hon. John K. Sherwood<br>Hearing Date and Time:  February 20, 2018 at 10:00 a.m.<br><br>*Oral Argument Requested If Opposition Filed* |

## MOTION FOR AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY TO PROCEED WITH SOUTHERN DISTRICT OF NEW YORK ACTION CONCERNING PERSONAL INJURY <u>CLAIMS ONLY TO THE EXTENT OF ANY APPLICABLE INSURANCE.</u>

Angel Santiago ("Creditor" "Plaintiff" "Santiago"), by and through his attorneys

Piekarsky & Associates, LLC, hereby moves (the "Motion") this Court for the entry of an Order,

substantially in the form attached hereto, granting relief from the automatic stay to proceed with

an action in the Southern District of New York concerning personal injury claims only to the

extent of applicable insurance, and respectfully states as follows:

## STATEMENT OF FACTS

On January 9, 2018, the Debtor filed a voluntary petition for relief pursuant to Chapter 11

of the United States Bankruptcy Code, 11 <u>U.S.C.</u> § 101 <u>et</u>. <u>seq</u>.

Prior to the Petition Date, Santiago filed a personal injury lawsuit in the United States

District Court, District of New Jersey via a Second Amended Complaint on October 29, 2015.

The complaint named as defendants ID&T/SFX Mysteryland LLC (hereinafter "ID&T") and

Bethel Woods Center For The Arts (hereinafter "Bethel Woods").

ID&T subsequently filed a Chapter 11 bankruptcy petition on February 1, 2016. The

Court stayed the proceedings due to the ID&T bankruptcy filing.  Santiago then obtained relief

from the United States Bankruptcy Court, District of Delaware, and the automatic stay was

partially vacated on June 21, 2016 to allow this matter to proceed.

 The matter was subsequently transferred to the United States District Court, Southern

District of New York.  On August 11, 2017, Santiago filed a Third Amended Complaint that

included the Debtor as a defendant.  **See Faro Cert Ex. A.** The Debtor was served with a

summons and the Third Amended Complaint on September 5, 2017.  **See Faro Cert. Ex. B.**  The

Debtor did not file an Answer, and is in default.

The personal injury suit stems from an accident that occurred on or about May 24, 2015.

Santiago was injured while he was a business invitee at The Mysteryland Music Festival while

traversing a decline in the dark in the long wet grass in order to return to the parking lot.

The festival was held in Bethel, New York on property believed to be owned by Bethel

Woods.  ID&T leased the property and promoted the music festival.  Discovery in that matter

revealed that the Debtor was hired as a vendor to provide security services.  **See Faro Cert. Ex.
C.** As such, Santiago filed a motion to amend his pleadings, which was granted.

As the Debtor has not filed an Answer or provided any discovery in the Southern District

of New York action, it is unclear what insurance policies exist.  However, discovery provided by

ID&T in the Southern District of New York revealed a Security Services Agreement between

2

ID&T and the Debtor, which required the Debtor to maintain insurance to cover claims arising out of or in connection with personal injuries. **See Faro Cert. Ex. C (Exhibit A of the Agreement, paragraph 4, Bates Stamped page SFX000096).**

Therefore, Santiago respectfully requests that this Honorable Court grant his Motion so that the Southern District of New York action may continue with all parties' involvement and Santiago may seek recovery solely from the Debtor's insurance carrier.

## LEGAL ARGUMENT

A Chapter 11 filing automatically triggers an automatic stay of all acts by creditors to continue judicial proceedings against the debtor. 11 U.S.C. §362(a). Thus, commencement of this bankruptcy case automatically stayed the personal injury action as to the Debtor.

Despite the broad nature of the automatic stay under section 362, "creditors do have remedies available to them." In re Excelsior Henderson Motorcycle Mfg. Co., 273 B.R. 920, 922 (Bankr. S.D. Fla. 2002). The automatic stay of the Bankruptcy Code may be terminated or modified under section 362(d), which states in pertinent part:

> "On request of a party in interest and after notice and a hearing, the court *shall* grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
> (1) for cause, including lack of adequate protection of an interest in property of such a party in interest; . . . ."
>
> 11 U.S.C. § 362(d)(1).

The purpose of permitting creditors to seek relief from the automatic stay is "to place both debtor and creditors on equal footing." Excelsior Henderson Motorcycle, 273 B.R. at 922. Although what constitutes "cause" for the purposes of modifying the automatic stay is not defined in the Bankruptcy Code, legislative history makes it clear that "cause" shall be determined on a case-by-case basis. H.R. REP. NO. 595, at 343-44 (1977); see also, S. REP.

3

NO. 989, at 52-53 (1978); see e.g., Baldino v. Wilson, 116 F.3d 87, 90 (3d Cir. 1997) (in the

context of a Chapter 7 case).   The decision to annul the automatic stay is based on the

bankruptcy court's discretion, and the same may only be reversed for abuse of discretion.   In re

Myers, 491 F.3d 120, 128 (3d. Cir. 2007).

 In deciding whether there is sufficient cause present to lift the stay, the Court must

conduct a balancing test whereby the interests of the estate are weighed against the hardship that

will be incurred by the movant.   In re Todd Shipyard Corporation, 92 B.R. 600, 602 (Bankr.

D.N.J. 1988).   "Judge DeVito, sitting in the United States Bankruptcy Court for the District of

New Jersey, has noted that, '[t]he Court of Appeals for the Third Circuit has declared that

litigation expenses do not constitute an injury sufficient to justify the enjoining of litigation

against a debtor.'" Id. at 603. (Holding personal injury claimants were permitted to proceed with

state lawsuit against the debtor.). "[P]ersonal injury tort claims must be tried in a forum other

than this [Bankruptcy] Court." Id. at 604.

 Additionally, a court may consider the policies reflected in the Bankruptcy Code, and the

interests of the debtor, other creditors and any other interested parties.

 In determining whether to grant relief from the automatic stay courts so as to permit a

party in interest to continue prosecuting a matter in another forum, courts will often rely upon the

following factors: 1) whether relief would result in a partial or complete resolution of the issues;

2) lack of any connection with or interference with the bankruptcy case; 3) whether the other

proceeding involves the debtor as a fiduciary; 4) whether a specialized tribunal with the

necessary expertise has been established to hear the cause of action; 5) whether the debtor's

insurer has assumed full responsibility for defending it; 6) whether the action primarily involves

third parties; 7) whether litigation in another forum would prejudice the interests of other

creditors; 8) whether the judgment claim arising from the other action is subject to equitable

subordination; 9) whether the moving party's success in the other proceeding would result in a

judicial lien avoidable by the debtor; 10) the interests of judicial economy and the expeditious

and economical resolution of litigation; 11) whether the parties are ready for trial in the other

proceeding; and 12) impact of the stay on the parties and the balance of the harms. In re Mid-

Atlantic Handling Systems, LLC, 304 B.R. 111, 130 (Bankr. D.N.J. 2003).

       The most relevant factors in this case are one (whether relief would result in a partial or

complete resolution of the issues), two (lack of any connection with or interference with the

bankruptcy case), four (whether a specialized tribunal with the necessary expertise has been

established to hear the cause of action), five (whether the debtor's insurer has assumed full

responsibility for defending it), seven (whether litigation in another forum would prejudice the

interests of other creditors), ten (the interest of judicial economy and expeditious and economical

resolution of litigation),and twelve (impact of the stay on the parties and the balance of the

harms) as relevant factors.

•    Resolution of issues: Pursuant to case law within the District of New Jersey, personal

injury lawsuits must be tried in a forum other than the Bankruptcy Court. The parties have been

litigating this substantial personal injury claim since October 2015. It is unquestionable that

granting stay relief would permit this personal injury action to resolve all issues. Accordingly,

factor one weighs in favor of granting stay relief.

•    Lack of Interference: The Creditor's personal injury action has little connection to the

Debtor's bankruptcy action and will have no effect on the Debtor's reorganization efforts. The

Debtor, based on its Security Services Agreement, was to maintain an insurance policy to defend

and satisfy personal injury judgments under the insurance policy. Accordingly, factor two weighs in favor of granting stay relief.

• <u>Specialized Tribunal</u>: The United States District Court, Southern District of New York maintains the expertise to manage this personal injury matter, whereby that Court routinely handles personal injury cases.  Further, there is a demand for a jury trial. Accordingly, factor four weighs in favor of granting stay relief.

• <u>Insurer Assume Full Responsibility</u>:  Based on the Security Services Agreement, the Debtor was required to maintain insurance to cover claims arising out of or in connection with personal injuries.  Pursuant to Exhibit C of the Security Services Agreement, the Debtor was required to maintain a policy providing for a $3 million aggregate and $1 million per occurrence. **<u>See</u> Faro Cert. Ex. C.** The insurance policy likely exceeds any recovery that Plaintiff would obtain following trial. Furthermore, the Creditor is solely seeking payment of his claim from the insurance provider, not the Debtor. Accordingly, factor five weighs in favor of granting stay relief.

• <u>No prejudice to other creditors</u>: Clearly, no prejudice would result from granting stay relief if the personal injury matter would proceed to trial. Indeed, it is in the bankruptcy estate's best interest that the personal injury claim proceeds in the Southern District of New York, so that Santiago can recover from the Debtor's insurance carrier.  Accordingly, factor seven weighs in favor of granting stay relief.

• <u>Judicial economy</u>: As the Court is aware, the parties have already started litigating the matter in the Southern District of New York.  There is absolutely no rational basis to re-litigate these matters in the bankruptcy court and cause greater expense to the Debtor's bankruptcy estate and the Creditor. Accordingly, factor ten weighs in favor of granting stay relief.

• <u>Balance of harms</u>:  Importantly, "[u]nder 362(d)(1), bankruptcy courts have routinely granted relief to permit personal injury plaintiffs to prosecute their claims in state court and to limit their collection efforts to the available insurance benefits. The rationale for granting relief from the automatic stay for this purpose is that the prejudice to the debtor, who may suffer modest or even no adverse financial consequences but may only have to expend some time and effort in cooperating with his insurer in the defense of the litigation, is outweighed by the prejudice to the creditor who ability to prosecute the action and reach the insurance benefits may be undermined by the aging of evidence, loss of witnesses, and crowed court docket." <u>In re Glunk</u>, 342 <u>B.R.</u> 717, 740 (Bankr. E.D. Pa. 2006).  Accordingly, factor twelve weighs in favor of granting stay relief.

Therefore, the balance of equities and case law favors the Creditor, whereby: (1) The Creditor is not seeking payment from the Debtor, but instead its insurance carrier; (2) The Debtor maintains insurance that the Plaintiff can collect from; and (3) The Creditor has suffered serious permanent injuries and needs to continue the Southern District of New York litigation to be compensated for the same.

Therefore, the Creditor respectfully requests that the Court grant the Motion for the purpose of continuing Southern District of New York litigation and seeking payment solely from the Debtor's insurance carrier.

## <u>CONCLUSION</u>

WHEREFORE, for all the foregoing reasons, Santiago respectfully requests that this Court grant relief from automatic stay pursuant to permit him to proceed with a Southern District of New York action against the Debtor to seek recovering only from the applicable insurance proceeds.

Respectfully submitted,

*/s/ Mark R. Faro, Esq.*

Mark R. Faro, Esq.

Dated: January 31, 2018